IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTI SMITH,<br><br>                Plaintiff,<br><br>v.<br><br>MONICA TIMOTHY, aka MONICA BARRIGER, VICTOR SIPOS, DANIEL WOODS, UTAH LITIGATION CENTER,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:14-CV-236 TS |

This matter is before the Court on Plaintiff Kristi Smith's Application for Entry of Default Against Defendants Monica Timothy, Victor Sipos, Utah Litigation Center, and Daniel Woods.[1] In her Motion, Plaintiff asserts that Defendants have been properly served and have failed to appear or otherwise defend within the time allotted by the Federal Rules of Civil Procedure. On this basis, Plaintiff seeks a default judgment including various forms of injunctive relief, $700,000.00 in damages, and an award of attorney's fees and costs.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Then, "If the plaintiff's claim is for a sum certain . . . the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant

---

[1] Docket No. 3.

1

who has been defaulted."[2] However, where, as here, the judgment sought is not for a sum certain, or for a sum that can be made certain, "the party must apply to the court for a default judgment."[3]

Plaintiff has applied to the Court for a default judgment under Rule 55(b)(1). However, Plaintiff has not yet received a default certificate as required by Rule 55(a). Until Plaintiff receives a default certificate from the Clerk of the Court, the Court cannot reach the merits of Plaintiff's Motion for Default Judgment. For this reason, the Court will deny Plaintiff's Motion without prejudice. In so doing, the Court does not reach the merits of Plaintiff's claim of proper service or entitlement to a default certificate. Rather, it will leave that determination to the Clerk of Court in the first instance.

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Application for Entry of Default Against Defendants Monica Timothy, Victor Sipos, Utah Litigation Center, and Daniel Woods (Docket No. 3) is DENIED WITHOUT PREJUDICE.

DATED  August 6, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Fed. R. Civ. P. 55(b)(1).

[3] Fed. R. Civ. P. 55(b)(2).