IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTI SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>MONICA TIMOTHY, aka MONICA BARRIGER, VICTOR SIPOS, DANIEL WOODS, UTAH LITIGATION CENTER,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 4(m)<br><br><br><br>Case No. 2:14-CV-236 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Monica Timothy's Motion to Dismiss

Pursuant to Rule 4(m) and Defendants Victor Sipos and Utah Litigation Center's Motion to

Dismiss Pursuant to Rule 4(m).  As explained more fully below, the Court will grant Defendants'

Motions.

Plaintiff filed her Complaint on March 28, 2014.[1]  Service was not effectuated on any

Defendant on or before July 26, 2014.[2]

Federal Rule of Civil Procedure 4(m) states

> If a defendant is not served within 120 days after the complaint is filed, the
> court . . . must dismiss the action without prejudice against that defendant or order
> that service be made within a specified time.  But if the plaintiff shows good
> cause for the failure, the court must extend the time for service for an appropriate
> period.

Good cause for an extension requires more than a showing of excusable neglect.[3]

Specifically, mistake of counsel or ignorance of the rules is insufficient to show good cause.[4]

---

[1] Docket No. 2.

[2] Docket No. 13.

Plaintiff argues that her belief, although incorrect, that summonses were served constitutes good cause.[5] Plaintiff cannot in good faith claim that she believed summonses were served properly because Plaintiff did not request the Clerk of the Court to issue summonses until after the 120 day time period had expired.[6] Therefore, the Court will not extend the time period for service based on good cause.

Rule 4(m) also provides the Court with discretion to extend the period for service even without a showing of good cause.[7] In determining whether to exercise its discretion, the Court considers whether the applicable statute of limitations would prevent plaintiff from refiling, whether defendant has evaded plaintiff's attempt to perfect service, or whether the defendant has been prejudiced.[8] As these situations are not applicable, the Court will not extend the period for service. Because service was not proper and will not be extended, Plaintiff's Motion for Default will be denied.

It is therefore

ORDERED that Defendant Monica Timothy's Motion to Dismiss Pursuant to Rule 4(m) (Docket No. 13) and Defendants Victor Sipos and Utah Litigation Center's Motion to Dismiss pursuant to Rule 4(m) (Docket No. 14) are GRANTED. Plaintiff's Complaint against Monica Timothy, Victor Sipos, and Utah Litigation Center is dismissed without prejudice. Plaintiff's Motion for Default Judgment (Docket No. 8) is DENIED.

---

[3] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996).

[4] *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438-39 (10th Cir. 1994).

[5] Docket No. 15.

[6] *See* Docket Nos. 9-12.

[7] *Espinoza v. United States*, 52 F.3d 838, 840-841 (10th Cir. 1995).

[8] *Id.*

It is further

ORDERED that the remaining motions (Docket Nos. 26 and 27) are DENIED as moot.

DATED this 23rd day of September, 2014.

BY THE COURT:

_____

Ted Stewart
United States District Judge